UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 12-cv-23629-Huck/O'Sullivan

JOSE A. GARCIA,
and all others similarly situated
under 29 U.S.C. 216(b),

    Plaintiff,

v.

KONING RESTAURANTS INTERNATIONAL,
L.C. d/b/a PIZZA HUT,

    Defendant.
_____/

## DEFENDANT'S REPLY MEMORANDUM SUPPORTING PARTIAL SUMMARY JUDGMENT

Defendant, Koning Restaurants International, L.C. ("Defendant" or "Koning"), through undersigned counsel, files this Reply Memorandum Supporting Partial Summary Judgment.

## PRELIMINARY STATEMENT

Plaintiff, Jose A. Garcia ("Plaintiff"), has brought claims for Fair Labor Standards Act violations (Count I) and common law unjust enrichment (Count II) in his Amended Complaint. [D.E. 33]. Koning's Motion for Partial Summary Judgment and Concise Statement of Undisputed Material Facts [D.E. 46, 47] unequivocally establish that summary judgment is necessary and proper as to Counts I and II. Plaintiff's Response in Opposition [D.E. 54, 55] fails to refute the undisputed record evidence and clear legal bases for granting summary judgment. Plaintiff's futile attempts to manufacture a triable issue of fact do not withstand scrutiny and Koning is entitled to judgment as a matter of law.

## **MEMORANDUM OF LAW**

I. **Plaintiff Admits All Material Facts and There Is No Issue For Trial.**

Plaintiff either admits (or fails to dispute and, thereby, admits) a number of key Undisputed Facts.[1] [D.E. 55].  Plaintiff cannot prevail on his claims because he admits that: (1) he retained 100% of the customer tips he received and was not required to share these tips with any other Koning employees, <u>even after</u> Koning implemented the FLSA's tip credit provision [D.E. 50 ¶¶ 7, 14]; (2) Koning held a meeting in Spanish on November 15, 2009 to fully explain the tip credit provisions to Plaintiff and other delivery drivers working in his store [D.E. 50 ¶ 10]; (3) Plaintiff signed a position description and agreement form (which was also explained to him in Spanish) stating "as of November 24, 2009, I will be paid as a Tipped Employee and earn a tip rate of $5.00 an hour" [D.E. 50 ¶ 13; 53-4 ¶ 7]; (4) that he earned the applicable minimum wage of at least $7.25 per hour for the time he spent performing production work [D.E. 50 ¶ 22]; (5) that Koning charged all customers an automatic, non-negotiable $2.75 Delivery Fee [D.E. 50 ¶ 25];  and (6) that Plaintiff spent $10 to $12 per day on gas that he worked and was paid $1.10 for each order he delivered. [D.E. 58 ¶ 1] *See Diaz v. Kaplan University,* 2009 WL 7226980, *5 (July 1, 2009), *aff'd,* 394 Fed. Appx. 631 (11th Cir. 2010)

Plaintiff's "disputes" as to: (1) if and whether his fuel costs reduced his wages below the FLSA's minimum; (2) if and whether he was instructed to report a specific amount of tips; and (3) whether Koning's customers were confused by the Delivery Fee or refused to leave a tip because "they believed the tip was subsumed into the $2.75 service charge" are not sufficiently material to

---

[1] The fact that Plaintiff has "insufficient knowledge" of certain other Undisputed Facts does not create a genuine issue of material fact for trial. [D.E. 55, ¶¶ 9, 24, 26, 28, 29, 34, 45, 50]. *See Pellon v. Business Representation Int'l, Inc.,* 528 F.Supp.2d 1306, 1311 (S.D. Fla. 2007). For example, Koning's Facts establish that the Delivery Fee is not associated with, paid from, or tied to the Reimbursement. [Facts ¶¶ 28-29].  Plaintiff's Opposition contains no record evidence to refute these facts; instead Plaintiff relies only on his personal belief that the Reimbursement was paid from the Delivery Fee.

create a triable issue of fact. [D.E. 55 ¶¶ 11-15, 39, 41-44, & 47]. Neither Koning nor this Court has any obligation to comb the record for evidence supporting Plaintiff's contentions. *See Bettis v. Toys R Us*, No. 06-80334-CIV, 2009 WL 995476, at *4 (S.D. Fla. Apr. 13, 2009) ("[a]lthough there may be evidence somewhere within the non-moving party's submitted record that might create a genuine issue of material fact. . . "[the Court] is not required to comb the record to find some reason to deny a motion for summary judgment.'")(citation omitted). Because all material facts are admitted and undisputed, Koning is entitled to judgment as a matter of law.

### III. Plaintiff's Opposition Fails To Prove That Koning Violated The FLSA's Tip Credit.

#### A. Koning Does Not Have the Burden of Proof Under Section 203(m)

Koning seeks summary judgment as to Count I of Plaintiff's Amended Complaint. The arguments in Plaintiff's Opposition as to Count I are virtually identical to those made in Plaintiff's own Motion for Partial Summary Judgment. [D.E. 46]. Just as in Plaintiff's Motion, these arguments are legally unsupported and provide no basis for denying summary judgment.

Plaintiff's attempt to place upon Koning a burden of proof as to the FLSA's tip credit provisions is incorrect notwithstanding his cite to *Melton* a Northern District of Georgia case. [D.E. 54, p. 2]. Koning has no such burden. As this court has already determined, the FLSA's common practice of "taking a tip credit" is a legally-accepted method of paying tipped employees – it is not an exemption nor exception to the FLSA's minimum wage requirements. *See* 29 U.S.C. §203(m) ("Section 203(m)"). In *Pellon v. Business Representation Int'l, Inc.,* 528 F.Supp.2d 1306 (S.D. Fla. 2007), Chief Judge Moreno specifically held that "[t]he tip credit is not an exemption; instead, it is set forth in the definition of the required minimum wage." *Pellon,* 528 F.Supp.2d at 1310 (recognizing that "[i]f the Eleventh Circuit applies an ordinary meaning analysis to a term used under Section 203(o), then surely this Court must apply the same analysis to a term used under Section 203(m)"). Section 203(m) is interpreted in accordance with its plain, ordinary meaning and

Koing fully complied with the provisions of Section 203(m). In light of this Court's specific ruling in *Pellon*, Plaintiff's continued reliance on *Melton v. Round Table Restaurants, Inc.*, an unpublished, non-binding decision from 1971, is especially improper.

### B.   Koning Complied With Section 203(m)

Paying tipped employees a reduced direct hourly wage and taking a tip credit for the remainder is a common, permissible practice under the FLSA. Employers must inform employees of the FLSA's provisions relating to the tip credit and employees must retain all tips received by them, except where tips are pooled among other tipped employees. *See* 29 U.S.C. §203(m); *see also Ash v. Sambodromo,* 676 F.Supp.2d 1360, 1369 (S.D. Fla. 2009); *Pellon,* 528 F.Supp.2d at 1310. Plaintiff's Opposition makes three arguments for why Koning's summary judgment should be denied as to Count I: (1) Koning failed to reimburse Plaintiff for his fuel costs, which reduced his wages below the FLSA-required minimum; (2) Koning told Plaintiff to report $2.67 per hour in tips even if he did not receive sufficient tips to earn the FLSA-required minimum; and (3) Koning failed to properly notify Plaintiff how the tip credit applied to him. None of these arguments, even if true, call for denial of Koning's Motion.

First, Plaintiff contends that summary judgment should be denied because Plaintiff did not receive at least the FLSA-mandated minimum wage if Plaintiff's gas expenditures are factored into his wages. [D.E. 54, pp. 3-12]. Plaintiff testified that he incurred daily fuel costs of $10 to $12. [D.E. 58 ¶ 1]. Even taking this accounting as true, the admissible record evidence establishes that the amount of weekly Reimbursement Plaintiff received actually *exceeded* the amount of these expenditures. It must be noted that Plaintiff misrepresents counsel's "conference" on this issue in both Plaintiff's Opposition and in Plaintiff's Reply to Response to Motion for Partial Summary Judgment. Defense counsel never stated that Koning "did not maintain records to keep track of the $1.10 increments paid to Plaintiff allegedly for gasoline reimbursement" [D.E. 54, p. 11, n. 6; D.E.

61, p. 5]. To the contrary, on March 22, 2013, the undersigned actually stated in writing that Koning has no documents reflecting Plaintiff's gas expenditures but that Koning had not yet determined the existence of documents regarding the Reimbursement and that Plaintiff had never requested any such documents in discovery. Nevertheless, defense counsel confirmed that Koning would produce any documents regarding the Reimbursement before the parties served their trial exhibit lists. Plaintiff's attempt to discredit Koning's good-faith discovery here is, yet again, improper.

Based on his own sworn testimony, Plaintiff's weekly fuel expenses were at most $60 for the work weeks in which he worked five days and $72 for the work weeks in which he worked six days. [D.E. 58 ¶ 1]. Koning's records indisputably demonstrate that Plaintiff earned no less than $74.80 in weekly Reimbursements for the weeks he worked 5 days and no less than $82.50 in weekly Reimbursements for the weeks he worked 6 days at any time during the statutory period. Oftentimes, he earned over $100 in weekly Reimbursements. [D.E. 58 ¶ 1]. Therefore, even assuming that Plaintiff's expense figures are accurate, his weekly wages were never reduced below that FLSA-mandated minimum wage.[2]

To support this argument, Plaintiff's Opposition contends that Koning did not maintain adequate records of Plaintiff's gas expenditures. Plaintiff misrepresents both the provisions of the FLSA and binding Supreme Court precedent here. [D.E. 54, pp. 3, 10, 11, 12]. Under the FLSA, employers are <u>only</u> required to maintain records of an employee's name/address; hours worked; hourly rate; earnings; pay period and date of payment; and "total additions to or deductions from

---

[2] Plaintiff claims that his wages were below the minimum for the pay period ending June 13, 2011. [D.E. 54, p. 9, FN 5]. This is a red herring and, in reality, Koning took a permissible deduction from Plaintiff's wages because of an over payment the prior week. [D.E. 58, ¶ 15]. Such deductions are permissible even where they reduce the employee's wages below minimum wage. *See* DOL WH Op. Letter October 8, 2004; *Chen v. Cayman Arts, Inc.*, 757 F.Supp.2d 1294, 1301 (S.D. Fla. 2010); *Demezier v. Ravede Ins. Agency, Inc.*, 2010 WL 680837, *1 (S.D. Fla. Feb. 18, 2010).

wages paid each pay period". 29 C.F.R. §516.2(a)(1-10).³  Nowhere in the FLSA regulations is there a requirement for employers to maintain records of an employee's business expenses and Plaintiff's Opposition cites no authority to support this claim.  At least one court has held that the FLSA does not require employers to keep records of the employee's business related expenses.  *See Morangelli, et al. v. Chemed Corp., et al.*, 2013 WL 432571, *17 (S.D.N.Y. Feb. 4, 2013) ("[I]t would not make sense for the FLSA to impose on an employer the obligation to keep a record when control over that record is exercised by the employee, rather than the employer.").  Plaintiff admitted in deposition that he did not maintain any receipts for his gas expenditures.  [D.E. 58, ¶¶ 11-12].  Plaintiff cannot now hold Koning responsible for his own failure to maintain these records.

Second, Plaintiff's Opposition contends that Koning violated the FLSA because he was instructed to report tips of $2.67 for every hour worked regardless of the tips he actually earned. [D.E. 54, pp. 12-13]  Plaintiff is seemingly attempting to manufacture an issue of fact for trial with this unsupported claim because (with the exception of June 1, 2011 through December 31, 2011) Koning never took a tip credit in that amount.  However, even if Operations Director Elsie Davila did give these instructions, they had no bearing on Plaintiff's minimum wage.  Plaintiff's Employee Check History demonstrates that he did not abide by Ms. Davila's alleged instructions because he never once reported tips that equaled $2.67 for each hour he worked. [D.E. 58 ¶¶ 2 & 7].  Instead, the amount of tips Plaintiff reported each week were generally in whole numbers such as $15 or $20. [*Id.*]. On the occasions when Plaintiff reported insufficient tips to pay him minimum wage for a particular week, Koning paid Plaintiff a guaranteed minimum. [D.E. 50 ¶ 17].

Third, Plaintiff's Opposition contends that Koning violated the FLSA's minimum wage provisions because Plaintiff was not properly notified that Koning would be taking a tip credit under

---

³ Another red herring is Plaintiff's repeated citations to *Anderson v. Mt. Clemens Pottery,* 328 U.S. 680, 687 (1946), which only applies "[w]here the employer's records are inaccurate or inadequate". Koning maintained appropriate records under 29 C.F.R. §516.2(a) and Plaintiff's Opposition provides no supported facts to the contrary.

{26268843;2}

Section 203(m)'s notice requirement. Plaintiff's Opposition ignores this Court's own precedent in favor of non-binding cases from the First Circuit, Fourth Circuit, and various district courts. [D.E. 54, pp. 13-15]. Plaintiff's argument on this issue was expressly rejected in *Pellon v. Business Representation Int'l, Inc.,* 528 F.Supp.2d 1306, 1310-11: "[e]mployers do not have to explain the tip credit to employees, however; it is enough to inform them of it. To inform an employee requires less effort than it would to explain the tip credit to the employees. *Pellon*, 528 F.Supp.2d at 1310 (internal citations and quotations omitted). Verbal notice and a prominently-displayed poster is enough. *Pellon*, 528 F.Supp.2d at 1310-11 (citing *Thomas v. J.R. Eight, Inc.,* No. 01-1067-Civ-Seitz (S.D. Fla. 2002 at D.E. 63).

Koning fully satisfied these legal requirements when it decided to change compensation for delivery drivers in November 2009. Plaintiff admits that he attended a meeting with Ms. Davila on November 15, 2009, where she explained the parameters of Koning's new tip credit policy. [D.E. 50 ¶ 10]. Ms. Davila conducted the entire meeting in Spanish. [D.E. 50 ¶ 10]. Ms. Davila explained the tip credit and reviewed examples of tip credit calculations with Plaintiff and other drivers in his location. [D.E. 50 ¶ 11]. Ms. Davila also provided Plaintiff and other pizza delivery drivers a written memorandum explaining that Koning would begin taking a "tip credit" effective November 24, 2009. [D.E. 50 ¶ 12]. Ms. Davila specifically explained: "You will earn the new TIP rate of $5.00 an hour, for assisting and providing delivery service to our customers." [D.E. 50 ¶ 12]. Ms. Davila also provided these written calculations in Spanish. [D.E. 53-2, pp. 2-3].

That same day, Ms. Davila distributed a position description and agreement form to Plaintiff and the other delivery drivers working in his store. Because the document is written in English, Ms. Davila reviewed and explained the entire document in Spanish at the meeting. [D.E. 53-4 ¶ 7 & Exh. B]. The position description that Plaintiff signed confirmed his understanding that "as of November 24, 2009, I will be paid as a Tipped Employee and earn a tip rate of $5.00 an hour while

employed by Koning Restaurants International." [D.E. 50 ¶ 13]. Whether Plaintiff understands English is immaterial because Plaintiff admitted that this document was explained to him in Spanish. [D.E. 50 ¶¶ 10, 13; D.E. 53-4 ¶ 7].

Moreover, Koning complies with all Department of Labor notice posting requirements in all Pizza Hut stores operated by Koning, including Pizza Hut store #12397 where Plaintiff worked. In store #12397 the Department of Labor required poster is prominently displayed with all other legally required postings near the employee restrooms. The poster refers specifically to tip credits under the FLSA. [D.E. 58, ¶ 1]. The fact that Plaintiff cannot recall a notice poster in his location does not create a material issue of fact for trial. *See, e.g., Pellon,* 528 F.Supp.2d at 1311. Likewise, the fact that Plaintiff neither reads nor speaks English is immaterial to whether Koning properly notified delivery drivers that it would be taking a tip credit. The FLSA notice-posting regulation does not require employers to post notices in any language other than English. *See* 29 C.F.R. §516.4. Moreover, it is undisputed that Koning went beyond its legal obligations because all tip credit information was explained to Plaintiff in Spanish.[4]

### IV.     **Plaintiff's Opposition Fails To Prove That Koning Was Unjustly Enriched.**

Koning also seeks summary judgment as to Plaintiff's unjust enrichment claim contained in Count II of Plaintiff's Amended Complaint. Throughout this litigation, Plaintiff has been clear that his unjust enrichment claim is based solely on the fact that Koning did not hand over 100% of the mandatory $2.75 Delivery Fee it charges to customers. [D.E. 33, p. 4]. The Amended Complaint specifies that Koning distributed a portion of the Delivery Fee to Garcia, but retained a majority of the Delivery Fee. [D.E. 33, ¶¶ 16-23]. Plaintiff testified in deposition that he is owed a larger portion of the Delivery Fee "because a client pays for that". [D.E. 50, ¶ 36].

---

[4] The Southern District of New York cases cited by Plaintiff in his summary judgment reply memo are, therefore, distinguishable because both cases involved circumstances were the employer **made no attempt** to explain the tip credit in the employees' primary language. [D.E. 61, pp. 9-10] The FLSA contains no requirement that

{26268843;2}

In reality, the evidentiary record is clear and undisputed that: the Delivery Fee is non-negotiable and mandatory for all customer deliveries. [D.E. 50, ¶ 25]. To ensure customers do not confuse the Delivery Fee with driver tips, **Koning's delivery tickets expressly state: "DRIVER GRATUITY NOT INCLUDED".** Similar additional statements appear on the on-line ordering and confirmation screens. [D.E. 50, ¶ 26].

In a final effort to avoid summary judgment, Plaintiff has abandoned this argument. Plaintiff's Opposition switches course and now contends that: "a significant number of customers since 2009, were confused by the Defendant's policy or they refused to leave a tip because they believed the tip was subsumed into the $2.75 service charge. Thus, Defendant unjustly enriched itself by charging an alleged $2.75 service charge, that resulted in Plaintiff losing significant tips." [D.E. 54, p. 19]. Plaintiff's attempt to manufacture a fact issue by contradicting his own deposition testimony should be rejected. *See Blanchard v. White County Detention Center Staff*, 262 Fed. Appx. 959, 962 n.4 (11th Cir. 2008) (disregarding statement in affidavit because it contradicted prior testimony); *Pennant v. Convergys Corp.*, 368 F. Supp. 2d 1307, 1312 (S.D. Fla. 2005) (affidavit could not create fact issue due to inherent inconsistency with prior deposition testimony).

Even if the Court is inclined to permit Plaintiff's self-contradictory affidavit and new theory of recovery, however, the law is clear that Plaintiff cannot prove his unjust enrichment claim. Several courts within the Southern and Middle Districts of Florida have ruled that an employee cannot recover this type of equitable relief where the employee has provided his employer with <u>nothing more</u> than what he was hired to do. *See Denarii Systems, LLC v. Arab,* 2013 WL 500826, *4 (S.D. Fla. Feb. 11, 2013); *Rionda,* 2010 WL 5476725 at *9; *Uphoff v. Wachovia Securities, LLC,* 2009 WL 5031345, *5 (S.D. Fla. Dec. 15, 2009); *Sleit v. Ricoh Corp.*, 2008 WL 4826113, *10 (M.D. Fla. Nov. 4, 2008). In other words, there is no record evidence of any circumstances that make it inequitable for Koning to retain the Delivery Fee because Plaintiff has been fully

compensated for the work he performed. *See Rionda,* 2010 WL 5476725 at *9 (citing *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1274 (11th Cir. 2009). Plaintiff's Opposition largely ignores this Court's own decision in the *Rionda* litigation and his attempt to distinguish the holding in *Sleit v. Ricoh Corp,* is misguided. [D.E. 54, pp. 19-20]. Plaintiff cannot ignore his own deposition testimony that the only benefit he ever conferred on Koning was the completion of the job duties he was hired to do. [D.E. 50, ¶¶ 27 & 37]. Regardless of his unsubstantiated, personal opinion, Plaintiff was fully compensated by Koning for the work and benefits he provided. Because Plaintiff's personal opinion lacks any supporting facts, it has no probative value for summary judgment. *See Int'l Seaway Trading Corp. v. Walgreens Corp.,* 599 F.Supp. 2d 1307, 1311 (S.D. Fla.), *vacated, in part, on other grounds,* 589 F.3d 1233 (Fed. Cir. 2009) (holding that "mere conclusory, uncorroborated allegations by a plaintiff" do not create an issue of fact for trial).

## CONCLUSION

Despite admitting all material facts and failing to refute clear legal precedent, Plaintiff still posits that summary judgment should be denied. Plaintiff's "factual issues" amount to uncorroborated allegations that, even if true, are immaterial for summary judgment purposes. "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Even viewing the facts in a light most favorable to Plaintiff, "a mere scintilla of evidence in support of a nonmoving party will not suffice to overcome a motion for summary judgment." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 860 (11th Cir. 2004) (citation omitted). None of Plaintiff's purported factual disputes are sufficiently material to create a triable issue of fact or defeat summary judgment. Accordingly, Koning is entitled to judgment as a matter of law as to Counts I and II of Plaintiff's Amended Complaint.

Dated:  April 29th, 2013

          Respectfully submitted,

          /s/ Susan N. Eisenberg
          Susan N. Eisenberg, Esq.
          Florida Bar No. 600393
          Jennifer T. Williams, Esq.
          Florida Bar No. 0174203
          **AKERMAN SENTERFITT**
          One Southeast Third Avenue, 25th Floor
          Miami, FL  33131-1714
          Phone:  305.374.5600
          Fax:  305.374.5095
          Email:  susan.eisenberg@akerman.com
          Email:  jennifer.williams@akerman.com
          Counsel for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 29th, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Susan N. Eisenberg
Susan N. Eisenberg

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 12-cv-23629-HUCK/O'SULLIVAN

## SERVICE LIST

| | |
|---|---|
| J.H. Zidell, Esq. | Susan N. Eisenberg, Esquire |
| E-mail: zabogado@aol.com | E-mail: susan.eisenberg@akerman.com |
| K. David Kelly, Esq. | Jennifer T. Williams, Esquire |
| E-mail: David.Kelly38@rocketmail.com | E-mail: jennifer.williams@akerman.com |
| J.H. Zidell, P.A. | Akerman Senterfitt |
| 300 71st Street, Suite 605 | One Southeast Third Avenue, 25th Floor |
| Miami Beach, Florida 33141 | Miami, Florida 33131 |
| Telephone: (305) 865-6766 | Telephone: (305) 374-5600 |
| Facsimile: (305) 865-7167 | Facsimile: (305) 374-5095 |
| Counsel for Plaintiff | Counsel for Defendant |
| *Service by CM/ECF* | *Service by CM/ECF* |